IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODESTO MONTORO ROSALES, an individual, | ) ) ) |
| Plaintiff, | ) Case No. 1:20-cv-5276 ) ) |
| vs. | ) ) |
| BRIDGEVIEW ADVISORS, LLC, an Illinois limited liability company, d/b/a SHOP & SAVE MARKET, and CEZARY JAKUBOWSKI, an individual, | ) ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

The Plaintiff, Modesto Montoro Rosales ("Plaintiff" or "Montoro"), by and through his attorney, Timothy M. Nolan of the Nolan Law Office, hereby complains against Defendants, Bridgeview Advisors, LLC, d/b/a Shop & Save Market, and Cezary Jakubowski, (collectively "the Defendants") as follows:

## NATURE OF THE SUIT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek. Plaintiff is a former butcher at Defendants' Shop & Save Market store.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Montoro is a former employee of Defendants' Shop & Save Market store located at 8847 S. Harlem Avenue in Bridgeview, Illinois. Plaintiff worked as a butcher at Defendants' Shop & Save Market store from approximately mid-2017 through April 20, 2020.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable animal and animal products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant, Bridgeview Advisors, LLC does business as the Shop & Save Market store located at 8847 S. Harlem Avenue in Bridgeview, Illinois and is engaged in selling prepared and packaged food and beverages to customers for consumption off its premises.

8. Defendant Bridgeview Advisors, LLC is registered in Illinois as a limited liability company and its managers, agent and principal office are located within this judicial district.

9. Upon information and belief, Defendants have earned more than $1,000,000.00 in annual gross revenue during 2017, 2018, 2019 and 2020.

10. Upon information and belief, Defendant Cezary Jakubowski ("Jakubowski") is an owner of the Shop & Save Market store located in Bridgeview, Illinois.

11. At all times relevant to this action, Defendant Jakubowski possessed extensive oversight over Defendant Bridgeview Advisors, LLC and its Shop & Save Market store and business operations. Defendant Jakubowski was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire

Defendants' employees; supervised and controlled employee work locations, schedules or conditions of employment; determined the rate and method of wage payment; and, maintained employment records.

12. Upon information and belief, Defendant Jakubowski resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

13. Defendants directed Plaintiff to work more than 40 hours in individual workweeks throughout his term of employment.

14. During the period from September, 2017 through April 20, 2020, Plaintiff regularly worked at Defendants' Shop & Save Market store six (6) days per week with a variable day off per week. He was scheduled to work from 6:00 a.m. to at least 4:00 p.m. but regularly worked to at least 5:00 or 6:00 p.m. each day.

15. Based on his work schedule, Plaintiff regularly worked at least sixty-six (66) hours in individual workweeks during the period from September, 2017 through April 20, 2020.

16. Defendants paid Plaintiff on an hourly basis at the rate of $17.00 per hour during the period from mid-2017 through approximately August, 2017; $19.00 per hour from approximately September, 2017 through August, 2018; and, $21.00 per hour thereafter.

17. During the period from mid-2017 through August, 2018, Defendants paid Plaintiffs with a payroll check that reflected Plaintiff's hours of work and also reflected payment of an overtime premium for hours worked in excess of forty (40) in individual workweeks.

18. Commencing in September, 2018, Defendants imposed a dual wage payment scheme on Plaintiff whereby Defendants paid for only a portion of Plaintiff's work hours, typically slightly less than eighty (80) hours for a two week pay period, with a payroll check

3

which reflected a false lower hourly rate. Defendants paid the remainder of Plaintiff's hours of work with cash "under the table" at his straight-time hourly rate.

19. Commencing in September, 2018 and continuing through April 20, 2020, Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of 40 in individual workweeks.

20. Between September, 2018 and April 20, 2020, Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

21. Defendants paid Plaintiff's overtime compensable hours in cash at his straight-time hourly rate of pay.

22. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

23. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

24. Throughout his employment with Defendants, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

25. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

26. Throughout Plaintiff's employment, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

27. Defendant, Bridgeview Advisors, LLC, is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

28. Under 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than 40 hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over 40 in a workweek.

29. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

30. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid for only a portion of Plaintiff's hours by payroll check, typically less than eighty (80) per two-week pay period, falsely included a lower hourly rate on his pay stub, and paid the remainder of Plaintiff's hours including Plaintiff's overtime compensable hours "under the table" with cash at his straight-time hourly rate. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state tax and revenue agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Modesto Montoro Rosales, prays for a judgment against Defendants, Bridgeview Advisors, LLC, d/b/a Shop & Save Market, and Cezary Jakubowski, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

31. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

32. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

33. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

34. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

35. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than 40 hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over 40 in a workweek.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Modesto Montoro Rosales, prays for a judgment against Defendants, Bridgeview Advisors, LLC, d/b/a Shop & Save Market, and Cezary Jakubowski , as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: September 8, 2020

Respectfully submitted,

Modesto Montoro Rosales,
Plaintiff


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com